CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 27 2008

JOHN F. CORCORAN, CLERK
BY: /s/ Jaylia
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID ALLEN DAY, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 7:07-cv-00376 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | By: Hon. James C. Turk |
| ) | Senior United States District Judge |
| Respondent. ) | |

David Allen Day ("Day"), a federal inmate proceeding pro se, brings this motion for reconsideration, pursuant to Fed. R. Civ. P. 59(e), asking the court to alter or amend its previously issued final order and memorandum opinion dismissing Day's Motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Day claims in his Rule 59(e) motion, as he did in prior pleadings, that his retained attorney, who was disqualified from the case before trial, nevertheless deprived him of his right to the effective assistance of counsel. Upon review of the record, the court finds that the motion must be denied.

Rule 59(e) allows the district court to amend a judgment within ten days after the entry of the judgment, but does not itself provide a standard under which a district court may grant such a motion. The United States Court of Appeals for the Fourth Circuit has

> previously recognized that there are three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. See E.E.O.C. v. Lockheed Martin Corp., 116 F.3d [110, 112 4th Cir. 1997)]; Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir.1993). Thus, the rule permits a district court to correct its own errors, "sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." Russell v. Delco Remy Div. of Gen. Motors Corp., 51 F.3d 746, 749 (7th Cir.1995). Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a

novel legal theory that the party had the ability to address in the first instance. See Russell, 51 F.3d at 749.

Pacific Ins. Co. v. American Nat'l Fir Ins. Co., 148 F.3d 396, 402 (4th Cir. 1998) (citing other cases).

Day submits with his Rule 59(e) motion an affidavit, offering a few more specific details than those provided in support of his § 2255 motion itself. He states that his habeas attorney failed to include these details. In an abundance of caution, the court will review these additional details.

Here is a summary of the pertinent events described in Day's new affidavit. Day claims that in 1999 or 2000, months before the December 2002 return of the indictment under which he stands convicted, government officials asked him to provide them information about others' drug trafficking, and Day agreed to do so at a later time. Day then contacted Attorney Walter Green and consulted him about the agents' request for information. Green advised Day not to provide any information to the agents. An initial indictment issued on August 16, 2002, charging Day with conspiracy to distribute, and possession with the intent to distribute, 500 grams or more of methamphetamine and seeking the forfeiture of two real properties owned by petitioner as drug related assets. Day was arrested on August 20, 2002, and before his bond hearing, he told Green that he wanted to tell DEA Agent Jack Lynch about a meth lab and asked Green to convey his intention to Lynch. Green failed to do so. After Day was released on bond, Green assured him that "he would prove that the agents were corrupt and crooked and had planted the drugs in the van and at [Day's] residence"; Green also informed Day that "the government would kill either him, me or a member of my family, before this case was over" and advised Day "to keep [his] blinds shut and doors locked." (Day Affid. ¶8).

On December 12, 2002, Day and two others were charged in a nine-count superseding indictment. The eight counts against Day included the original drug and forfeiture counts, but added another drug count and three firearms charges. In January 2003, the government offered a plea bargain whereby Day would plead guilty to a reduced number of charges in exchange for a fifteen (15) year sentence. Day told Green that he wanted to accept this offer and cooperate with the government concerning the meth lab. Green advised Day to reject the offer and not to cooperate with the government.

On May 16, 2003, the court conducted a hearing and found that Green had conflicts of interest because he represented two other drug defendants who had offered information about Day's drug trafficking; accordingly, the court removed Green as Day's attorney. The court then appointed new counsel for Day. Green continued to contact Day and offer him advice about the case, despite his removal by the court, and Day continued to follow Green's advice. In October 2003, the government contacted Day's new attorney and offered Day the same 15-year plea agreement that had been communicated to Green. Green prepared paperwork for Day to file to have the new attorney removed, and the court appointed a third attorney. Again, the government offered the same 15-year plea agreement, and counsel told Day that he would likely be convicted on all charges at trial and receive a life sentence. Still, Day listened to Green and rejected the plea offer. At a hearing on January 29, 2004, the court expressly advised Day that Green was not and could not be his lawyer. Yet, Day continued to rely on Green's promise that Green would prove how the government agents had planted the evidence to frame Day. Green did not attend the trial, however. Day was convicted on all counts and ultimately was sentenced to a total of 481 months imprisonment. On May 9, 2006, the United States Court of Appeals for the Fourth Circuit affirmed Day's convictions and sentences.

3

Day then filed his § 2255 motion, through counsel, which this court denied by opinion and order entered January 25, 2008. The court found no merit to Day's § 2255 claims that Green provided ineffective assistance before, during, and after the trial proceedings, because the court removed Green as counsel more than a year before trial and Day failed to demonstrate that he did not receive competent advice from other attorneys that the court appointed to represent Day after Green's removal. See Strickland v. Washington, 466 U.S. 668, 685 (1984); Holloway v. Arkansas, 435 U.S. 475, 485 (1978) (citing courts that have held conflict of interest evidence to warrant appointment of new counsel). The court also found that Day failed to demonstrate that Green had any actual conflict of interest that adversely affected the adequacy of Day's representation at trial. Cuyler v. Sullivan, 446 U.S. 335, 349 (1980). See also United States v. Martini, 31 F.3d 781, 782 (9th Cir. 1994) (finding that constitutional right to effective assistance of counsel is not the "right to receive good advice [or conflict-free advice] from every lawyer a criminal defendant consults about his case").

The court cannot find that any of the additional details that Day provides in his affidavit present grounds for relief under § 2255. At the most, while Green was Day's retained counsel and before his removal from the case for conflicts, he allegedly provided bad advice that Day should reject a plea offer, that he had a chance to win at trial, and that he should not cooperate with law enforcement officials in hopes of getting a sentence reduction on that basis. Green continued offering such "bad" advice even after the court removed him. Yet Day admits that on two later occasions, with other competent counsel representing him, the government offered him the same plea agreement for a fifteen year sentence; he does not allege that these plea offers did not also include the chance to offer substantial assistance for a possible sentence reduction. Day also admits that the

4

other attorneys the court appointed for him advised him that if he went to trial, he would likely be convicted and receive a long term of imprisonment. Thus, all of Green's "bad" advice was counteracted by good advice from later attorneys, long before the opportunity to take advantage of the good advice had expired. Day's choice, not Green's actions, caused him to proceed to trial, despite other counsel's advice to accept the plea deal.

Moreover, Day fails to show any error in the court's determination that Green's conflicts of interest did not have the requisite adverse effect on Day's representation as a whole so as to state a claim under Cuyler. Even assuming without finding that Green represented men who had given agents information about Day's drug trafficking, was under criminal investigation himself, and wanted to keep the full retainer fee Day [Green] had paid to him, Day fails to show that any of these alleged conflicts caused any adverse effect on Day's representation at trial. As the court noted in the January 25, 2008, opinion,

> Day's court-appointed counsel offered him constitutionally sufficient representation, and Day himself chose to listen to others [including Green]. Thus, any adverse influence that Day allowed Green as a private advisor to have on his own judgment after the court removed Green as his defense counsel falls outside the boundaries of this court's constitutional inquiry under Cuyler or Strickland and provides no ground for habeas relief.

Opinion, 1-25-08, at 13. Accordingly, the court cannot find that any of the "new evidence" submitted in Day's affidavit changes the court's analysis or its determination that Day is not entitled to relief under § 2255.

Based on the foregoing, it is hereby **ORDERED** that petitioner's motion to alter or amend judgment, pursuant to Rule 59(e), is hereby **DENIED**.

5

Case 7:07-cv-00376-MFU-RSB   Document 16   Filed 02/27/08   Page 5 of 6   Pageid#: 278

The Clerk is directed to send copies of this opinion and order to petitioner and to counsel of record for the parties.

ENTER: This 27th day of February, 2008.

/s/ James C. Turk
Senior United States District Judge